**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **ROBERT S. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:21-CV-00043-NCC** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kilolo Kijakazi's ("Defendant") Motion to Dismiss (Doc. 17). After being directed to do so, Plaintiff Robert S. Jones ("Plaintiff") filed a response (Doc. 19). Thus, the motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 12). For the following reasons, Defendant's Motion will be **GRANTED**, and this matter will be **DISMISSED, with prejudice**.

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* On December 19, 2019, the ALJ issued an unfavorable decision denying Plaintiff's claim for benefits. On January 11, 2021, the Appeals Council mailed Plaintiff a notice stating that it denied Plaintiff's request for review. In the notice, the Appeals Council indicated that Plaintiff had a right to commence a civil action within 60 days. Indeed, a civil action under section 205(g) of the Social Security Act must be commenced within 60 days after the date the individual receives notice. 20 C.F.R. § 422.210.

Notices sent by the Appeals Council are presumed received five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council.  20 CFR §§ 404.901, 422.210.  Thus, excluding the weekend and the Martin Luther King, Jr. Federal Holiday, Plaintiff is presumed to have received the letter form the Appeals Council on January 19, 2021 and his 60 days to file a civil action expired on March 22, 2021.  However, Plaintiff's current action was filed outside the 60-day period, on March 26, 2021, the date it was received by the Clerk of Court (Doc. 1 at 3).[1]  In his response, Plaintiff does not present any support to justify equitable tolling.  *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (citing *Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir. 1988) for the proposition that equitable tolling has only been allowed in cases where the government has hindered a claimant's attempts to exercise his rights by acting in a misleading or clandestine way).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kilolo Kijakazi's Motion to Dismiss (Doc. 17) is **GRANTED**, and this matter is **DISMISSED, with prejudice.**

A separate order of dismissal will be issued concurrently with this memorandum and order.

Dated this 3rd day of December, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff signed the Complaint on March 22, 2021, and mailed it on March 23, 2021, although it was received by the Clerk of Court on March 26, 2021 (Doc. 1 at 3; Doc. 1-3).  Nonetheless, even if the complaint was filed on the date it was sent, it would still be untimely.  *See Montez v. Astrue*, No. CIV. 08-634(PJSRLE), 2009 WL 88337, at *2 (D. Minn. Jan. 12, 2009).